## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

EDWARD LEROY SWINDELL
and others of similar circumstances,

      Plaintiff,

vs.                                 CASE NO. 3:03-cv-435-J-TEM

FLORIDA EAST COAST RAILWAY, LLC.
and CSX TRANSPORTATION, INC.,

      Defendants.

_____

## O R D E R

    This cause is before the Court on several motions to dismiss and motions for summary judgment.   Because there has been prior litigation between the Plaintiff and one of the Defendants, the Court will begin with a narrative summary of the background.

    Plaintiff Edward Leroy Swindell ("Swindell") is a former employee of the Defendant Florida East Coast Railway Company ("FEC"), having worked for the FEC from 1939 until 1952 at various jobs on locomotives (Doc. # 1, paragraph 3).  In 1996, Swindell filed a complaint in state court in Dade County, Florida, against FEC[1] alleging negligent acts of the railroad caused him to be exposed to "toxic substances including asbestos, asbestos containing products, and diesel exhaust fumes which caused him to suffer permanent injuries to his lungs." (See Doc. # 10, Attachment A)   That action later was voluntarily dismissed by Swindell's attorney  (See Doc. # 10, paragraph 5).

---

[1]*Edward Leroy Swindell and Mary Young Swindell v. Florida East Coast Railway Company*, Case No. 96011352, Circuit Court of the 11th Judicial Circuit.  This case will be referred as the Swindell 1996 case.

Swindell subsequently filed another suit against FEC in the Southern Distict of New York, again alleging exposure to harmful substances while employed. That case was dismissed by the court based on lack of proper jurisdiction. *Swindell v. Florida East Coast Ry. Co.*, 42 F.Supp.2d 320 (S.D.N.Y.), *aff'd*, 201 F.3d 432 (2d Cir. 1999) (table).

Swindell filed suit for a third time against the FEC in this court in 2000, again alleging exposure to harmful substances causing permanent injury to his "lungs and pleura".[2]   Summary judgment was granted in favor of FEC based upon the statute of limitations (Case No. 3:00-cv-224-J-21TJC, Doc. # 38). The Eleventh Circuit affirmed the summary judgment in an unpublished opinion, 31 Fed Appx. 935 (11th Cir. 2002), cert. denied, 537 U.S. 820 (2002).

Swindell filed the instant case on May 23, 2003 (Doc. #1), naming both FEC and CSX Transportation Corp. ("CSX") as defendants, and claiming he is seeking damages for chronic obstructive pulmonary disease ("COPD") or emphysema (Doc. #1, paragraph 7).

**Motions Pending:**

CSX filed a motion to dismiss on the ground that Swindell had never been an employee of CSX (Doc. #7).   Swindell replied that under the "joint enterprise doctrine" CSX could be jointly liable with FEC and included a motion for summary judgment (Doc. #8).   FEC filed a motion to dismiss based on *res judicata* and argued a the "second injury doctrine" would not apply to Swindell's claim (Doc. # 10).   Swindell replied and included a

---

[2]*Swindell v. FEC*, Case No. 3:00-cv-224-J-21TJC.  This case will be referred to as the "2000 case."

2

motion for summary judgment (Doc. #13). The Court[3] converted the motions to dismiss into motions for summary judgment and deferred ruling on Swindell's motions for summary judgment, allowing the parties a 60-day period to conduct any discovery as to the medical issues and to file any additional pleadings (Doc. # 24).

CSX subsequently filed a motion for summary judgment (Doc. # 29). FEC also filed a motion for summary judgment (Doc. # 31). Each defendant filed motions to seal exhibits (Docs. # 30, #33) which were granted (Doc. # 34)(the exhibits are identical and filed as S-1) and jointly filed an affidavit of Dr. Philip Richard Saleeby (Doc. # 32). Swindell filed a reply to FEC's motion (Doc. # 35).

### Summary of the Issues:

1. Plaintiff asserts the injuries he now alleges are "second injuries" unknown to him until 2002, and thus his claim is not barred by the statute of limitations or the doctrine of res judicata. He further alleges CSX is liable along with former employer FEC under the "joint enterprise doctrine."

2. FEC claims (a) the doctrine of res judicata does apply and bars relitigation of the 2000 lawsuit, (b) that Swindell's present claim does not qualify under the "second injury doctrine" and (c) that the statute of limitations applicable to the case is three years under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. Section 56 et seq.

3. CSX claims (a) the FELA three-year statute of limitations applies and bars Swindell's claim and (b) that Swindell was never employed by CSX and does not qualify for the "joint enterprise doctrine."

---

[3]The parties consented to jurisdiction of a United States Magistrate Judge (Doc. # 18).

3

**Analysis:**

1. **Standards for motion to dismiss and summary judgment**

To prevail on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant must show beyond all doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41 (1957); *Luckey v. Harris*, 860 F.2d 1012, 1016 (11th Cir. 1988). Courts disfavor motions to dismiss and grant such motions only in rare circumstances. *See Gasper v. La. Stadium and Exposition Dist.*, 577 F.2d 897, 900 (5th Cir. 1978).[4] Further, the court must accept a plaintiff's pleaded facts as true, and all inferences are to be construed in the light most favorable to the plaintiff. See, e.g., *Bryand v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n. 1 (11th Cir. 1999).

If extraneous material is presented to the court in the motion to dismiss, under Rule 12(b) the "motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ...." *See, e.g., Campbell v. Upjohn Co.*, 498 F.Supp. 722, 729 (W.D. Mich. 1980), *aff'd*, 676 F.2d 1122 (6th Cir. 1982)(involving a statute of limitations issue). "Whenever a judge considers matters outside the pleadings in a Rule 12(b)(6) motion that motion is thereby converted into a Rule 56 Summary Judgment motion." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002). Based on the facts stated in the motions to dismiss, the Court converted the motions to dismiss into motions for summary judgment in its earlier Order (Doc. # 24). The parties were allowed appropriate time to

---

[4]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

supplement the record.

Summary judgment is appropriate only when a court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence must be viewed in the light most favorable to the non-moving party. See *Samples on Behalf of Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). The burden of establishing the absence of a genuine issue is on the moving party. See *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the burden is met, the non-moving party must "go beyond the pleadings and by his/her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex, supra*, 477 U.S. at 324. To do so, the plaintiff need only present evidence from which a jury might return a verdict in his favor to defeat a summary judgment motion. *Samples, supra*, 846 F.2d at 1330.

### 2. **Applicable federal statutes**

In order to determine the statute of limitations period, the Court first must determine the applicable statute. The late Honorable Judge Ralph W. Nimmons Jr. ruled in the 2000 case that the three-year statute of limitations in FELA, 45 U.S.C. § 56, applied (2000 case, Doc. # 38). That opinion was affirmed by the Eleventh Circuit.   31 Fed. Appx. 935 (per curiam unpublished opinion attached as Attachment A)[5].   In the 2000 case, Swindell alleged jurisdiction under the Safety Appliance Act ("SAA"), 45 U.S.C. §§ 1-16; the Boiler Inspection Act ("BIA"), 45 U.S.C. §§ 22-34 et seq., and FELA, 45 U.S.C. § 51 et seq.  The

---

[5]U.S.Ct. Of App. 11th Cir. Rule 36-2, 28 U.S.C.A.

Eleventh Circuit held that neither the BIA nor the SAA provide for a private right of action because the acts merely supplement FELA (*Swindell v. FEC,* see Attachment A at 7). *Also see Urie v. Thompson*, 337 U.S. 163, 188 (1949).  Thus any actions brought under the BIA or SAA are subject to the FELA three-year statutory limitations period. *Id.* at 168; *Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574, 580-581 (1945).

In the instant case Swindell has alleged jurisdiction based on the "Code of Federal Regulations" ("CFR"), the BIA, the SAA, and the Interstate Commerce Commission ("ICC") rules and regulations (Doc. # 1, paragraph 4).  He has not alleged any particular sections, however.  Since regulations are based upon statutory authority, they cannot extend any statute of limitations created by Congress.

Because Swindell has specified the BIA and SAA, to the extent either of those statutes provided jurisdiction the action would be subject to the three-year statute of limitations contained in FELA.  *Swindell v. FEC* (Attachment A at 7).  However, the Eleventh Circuit stated based upon Supreme Court precedent that those two statutes do not provide a private right of action.  The acts make certain actions unlawful, but provide for enforcement by either the Secretary of Transportation (for the Safety Appliance Act, Title 45 U.S.C. §13) or the United States Attorneys Office (for the Boiler Inspection Act, 45 U.S.C. § 34).        .

Swindell, for reasons not stated,  has indicated specifically that he is not using FELA as a basis for jurisdiction (Docs. # 8, paragraph 1, #13, paragraph 2)[6].  Courts typically give

___

[6] Swindell may be attempting to not claim FELA because FELA's three-year statute of limitations is clearly established.  Plaintiff also may be seeking to avoid the necessity of proving negligence, as the Supreme Court has held the Boiler Inspection
(continued...)

6

a liberal reading to *pro se* complaints.  Because the Boiler Act and Safety Appliance Act supplement FELA (*see Urie v. Thompson*, 337 U.S. at 188) the Court will treat the complaint as asserting federal jurisdiction under FELA.  Should Plaintiff object to this treatment, there would be no jurisdictional basis for a federal case and the instant action would be dismissed on that basis.  Both Defendants have stated Plaintiff filed the suit under FELA.  *See* Doc. 29, paragraph 1 and Doc. 31, paragraph 1.

Thus the Court finds a three-year statute of limitation is applicable in the case. Since the complaint was filed May 23, 2003, the question –for statute of limitations purposes – is whether Plaintiff's cause of action occurred since May 23, 2000.

### 3. **Statute of Limitations**

Statutes of limitation are legislative creations designed to give what the legislature deems a reasonable time for a plaintiff to present his or her claim.  *United States v. Kubrick*, 444 U.S. 111, 117 (1979).  At the same time, they protect defendants and the courts from "having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise."  *Id.*

In the case of allegations of work-related injuries, the Supreme Court has held that the limitations period commences when the plaintiff knew or should have known that his injuries were work-related.  *Kubrick, supra,* 444 U.S. at 125; *Urie v. Thompson,* 337 U.S.

---

[6](...continued)
Act and Safety Application Acts amend FELA and dispense the requirement of proving violations of the acts are negligent.  *Urie v. Thompson*, 337 U.S. at 189.  Plaintiff noted he did not have to show negligence under the two statutes in his reply (Doc. #13, paragraph 2) to FEC's Motion to Dismiss.

7

at 168-171 (1949).  *See also Santiago v. Lykes Bros.S.S.Co., Inc.,* 986 F.2d 423, 426 (11th Cir. 1993).

### 4.  **Analysis as to claim against FEC**

There is no dispute that Plaintiff has made previous claims against Defendant FEC. Thus the issue before the Court as to the current claim against FEC is whether it is barred by *res judicata* and/or the statute of limitations.  Plaintiff can prevail *only* if his current claim is one not decided previously by the Court *and* if the claim arose from an injury realized only within three years prior to the filing of the suit on May 23, 2003.

Plaintiff alleges his claim is of a *second* injury of which he was unaware prior to its diagnosis – "chronic obstructive pulmonary disease (COPD) or emphysema" – at an examination on October 2, 2002.

Plaintiff is correct that a statute of limitations may begin at the time a separate and distinct illness accrues.  The question becomes whether the alleged illness is a separate and distinct illness.  An example of such illness in FELA cases is the development of mesothelioma, a cancer which causes fatality in perhaps 10 per cent of the persons who have contracted asbestosis.  *Norfolk & Western Ry. Co. v. Ayers,* 538  U.S.  135, 142 (2003).

Plaintiff asserts "An injured party is not required to foresee whatever disease might ensue in the future."  (Doc. # 1 at 5).  Although that may be true, it does not resolve whether Plaintiff's current complaint is of a separate and distinct illness. In adopting the "discovery" theory of when a cause of action "accrues" the Supreme Court rejected the "actual occurrence" theory because of the difficulty in determining such event.  *Urie, supra,*

8

at 171. The Court also rejected the "damage caused in the last three years" theory because it would limit damages to "breath by breath" measurement. *Id.* Thus, the primary question before the Court is when Plaintiff knew or should have known that his injuries were work related.

Plaintiff now claims in his complaint that his "chronic obstructive pulmonary disease or emphysema" was diagnosed after an examination on October 2, 2002 (Doc. # 1, paragraph 7). In the 1996 suit in state court Plaintiff claimed that his railroad work "exposed him to toxic substances including asbestos, asbestos containing products, and diesel exhaust fumes" and "caused him to suffer permanent injuries to his lungs" (1996 complaint, paragraph 7). In the 2000 federal complaint in this district, Plaintiff claimed he had suffered "permanent injuries to his lungs and pleura" and "respiratory illness, Asbestosis (sic) and obstructive pulmonary disease requiring professional treatment, care and continued medication" as well as emotional distress. He further claimed he had spent $27,525 for treatment. (2000 complaint, pp. 1, 5 and 7).

For purposes of this Order, the Court will refer to medical records contained in a sealed document (Doc. # 33, sealed exhibits A-L) and order unsealed only the portions to which the Court refers and to which the parties referred in their motions for summary judgment. The Court finds no reason to unseal the entire document, which contains personal identifiers as well as records of treatment for other conditions not in dispute in the case.

The medical records show that on January 15, 1998, the Plaintiff was examined by Dr. Bernard R. Schrager, a cardiologist in Miami, Florida. Dr. Schrager testified at a deposition that Plaintiff was referred to him for examination by Dr. Dennis Korpman of the

9

Ocean Reef Medical Center in North Key Largo, Fl. (Doc. #33, Exh. F at 15). In providing the results of the January 1998 examination, Dr. Schrager wrote that "As you know, he is a 75-year-old gentleman with a history of atypical chest pain, shortness of breath and chronic obstructive pulmonary disease." (Doc. #33, Exh. B) Dr. Schrager said he had made similiar notes of asbestosis and COPD after visits on December 21, 1998 (Doc. #33, Exh. C), May 6, 1999 (Doc. #33, Exh. D), December 3, 2001 (Doc. #33, Exh. E). Dr. Schrager testified that his practice is to obtain the medical history from the patient rather than from the referring physician (Doc. #33, Exh. F at 7).

The medical records show an emergency room visit on March 12, 1996, which the clinical impression was listed as "COPD/ pneumonia/ atrial fib." (Doc. #33, Exh. G). Dr. Korpman's notes of December 18, 1998, also contain a reference to "mild COPD by hx"[7] (Doc. #33, Exh. I). Three days later, a radiologist took a chest x-ray and listed a diagnosis of COPD (doc. #33, Exh. J). In December 20, 1999, Dr. Korpman's notes show a past medical history of COPD and Asbestosis. Further, the medical notes of Dr. Korpman for April 24, 2000, state that the Plaintiff wants "renewal of his Atrovent for COPD." (Doc. #33, Exh. H).

In addition, FEC has produced an affidavit that emphysema is a chronic obstructive pulmonary disease. (See affidavit of Dr. Phillip Saleeby, M.D., Doc. # 32, attachment, paragraph 6). In *Samson v. R.J. Reynolds Tobacco Co.*, No. 96-414-CIV-T-24(B), 1997 WL 373475 (M.D.Fla. June 2, 1997), the court found emphysema was a COPD.

---

[7]"Hx" is a typical abbreviation used by medical professionals to denote the word history.

10

Plaintiff, although he now claims he has a "newly diagnosed COPD"[8], nonetheless claimed "permanent injuries to his lungs" and continuing disability in both 1996 and 2000, and "obstructive pulmonary disease" which he would "continue to incur" in his *pro se* February 29, 2000, federal complaint.  The Court sees no distinction between continuing injury and chronic injury.  Thus, two regular treating physicians, one emergency room physician and one radiologist all diagnosed Plaintiff with "COPD" between 1998 and the end of April 2000.  At least one of the treating physicians provided a prescription and renewal for Atrovent to treat the condition prior to the three-year statute of limitations period.  Those diagnoses are conclusive on the question of whether the condition Plaintiff now alleges is a separate and distinct illness.

Whether Plaintiff was specifically told of the diagnosis at the time is not the significant factor.  He was clearly aware of believed lung injury, aware of symptoms and getting treatment for such injury for several years prior to the expiration of the statute of limitations period.  As noted in the District Court opinion in 2001, the statute of limitations commences when the injury is noticed and before it reaches maximum severity, not when it is later diagnosed.  Swindell 2000 case, *supra,* at 14, *citing Fries v. Chicago & Northwestern Trans. Co.* 909 F.2d 1092, 1095 (7th Cir. 1990).  The Supreme Court held in *United States v. Kubrick,* 444 U.S. 111 (1979), that a plaintiff must act diligently to investigate the injury and any suspect cause.

In one sense, Plaintiff's claim is similar to that claimed by the plaintiff in *White v.*

---

[8]The document presented to show this (Doc. # 35, Exhibit 3) is unidentified as it appears to be page 3 of a doctor's report, and is not sworn, thus is not properly before the Court on a summary judgment motion.

*Mercury Marine, Division of Brunswick, Inc.*, 129 F.3d 1428, 1433 (11th Cir. 1997). In that case the plaintiff had hearing loss caused by engine noise from the boat he operated. A doctor first advised him that the noise was causing hearing loss in 1984. Another doctor gave similar advice in 1988. In 1990, he filed a worker's compensation claim for hearing loss. He did not file suit against the engine manufacturer until 1994. Facing a three-year statute of limitations, he argued that a "modified continuing tort theory" should be used which would allow him to recover for the part of the injury that occurred within the last three years prior to filing suit. The Eleventh Circuit has held that a "modified continuing tort theory" is essentially the same as the "breath by breath" theory that was rejected by the Supreme Court in *Urie*. *Mercury Marine*, *supra*, 129 F.3d at 1433. The court further said the discovery rule must be applied uniformly. In some cases, the rule helps plaintiffs who are unaware of an injury. The rule simply requires plaintiffs who have discovered their injury to file suit within the prescribed period. *Id. See also Albert v. Maine Cent. R.Co.*, 905 F.2d 541 (1st Cir. 1990).

Although Swindell might benefit from a "modified continuing tort theory," that theory is not the law in FELA cases. Swindell has shown no basis for treating COPD as a different and distinct illness from those he has claimed previously. Further, to the extent he claims it, the medical records belie his claim. He previously claimed he had spent $27,525 on treatment. His own previous complaints show he knew the cause of his pulmonary condition and that he believed it was because of his railroad work. The Court does not find that Plaintiff's alleged ailments are "second injuries" or "second diseases" that would trigger a new statute of limitations. Plaintiff is bound by his admissions in the 2000 complaint of obstructive pulmonary disease, confirmed by the medical records that show

12

doctors were treating that condition.  Plaintiff's claim that another doctor first told of the diagnosis in 2002 is not sufficient to show there is a genuine issue for trial.

Since the injury is the same – in effect – as alleged in 2000, the doctrine of *res judicata* applies as to Defendant FEC.  "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  The Eleventh Circuit has defined a four-step analysis to determine if res judicata will bar a subsequent action. *Davila v. Delta Air Lines*, 326 F.3d 1183, 1187 (11th Cir. 2003), *citing Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000).  Applying those steps,

(1) the prior decision was rendered by a court of competent jurisdiction.  Title 28, U.S.C. Section 1331, provides original jurisdiction for all civil actions arising under the laws of the United States.  The 2001 decision by Judge Nimmons qualifies.

(2) there was a final judgment on the merits.  Rule 41(b), Fed.R.Civ. P., provides that unless otherwise specified by the court, "a dismissal under this subdivision and any dismissal not provided for in this rule .... operates as a adjudication upon the merits."  Pursuant to Judge Nimmons' Order, the Clerk of Court issued a judgment for FEC.  A ruling based on the statute of limitations is a judgment on the merits.  *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972).

(3) the parties were the same in both suits.  In both suits, Plaintiff Edward Leroy Swindell sued Defendant Florida East Coast Railway Company.  In this suit, he also sued CSX Transportation, Inc., however, *res judicata* is not being applied to the suit against CSX.

13

(4) the prior and present causes of action are the same.  Both suits are based on injury to his lungs that  Plaintiff allegedly received while working for FEC from 1939 to 1952 through inhalation of various fumes and debris and handling of toxic substances.  Both suits relate to pulmonary disease.  Although Plaintiff has worded the injuries slightly differently, as found above both actions relate to the same injury.

Thus, *res judicata* applies and Defendant FEC is entitled to summary judgment on that basis.  In addition, FEC  also is entitled to summary judgment on the basis that the statute of limitations has expired.

### 5.  **Claim against CSX Transportation**

There was no prior suit against CSX Transportation, thus *res judicata* does not apply.  However, the statute of limitations analysis does apply in this case.  Regardless of which company allegedly caused the injury of which Plaintiff complains, he has known of the injury and the resulting illness for more than three years before he filed the instant lawsuit.  Thus the statute of limitations expired prior to his filing of the lawsuit.  CSX is entitled to summary judgment on that basis.

CSX also argues that Plaintiff was not an employee of CSX or its predecessor Atlantic Coast Line, and that Plaintiff has not shown an employee relationship required to be able to sue under FELA.

Neither side disputes that FELA creates liability for negligently causing injury or death to a person "while he is employed" by the railroad.  45 U.S.C. § 51. The Supreme Court has indicated there are three ways under common law that a person can establish his "employment" or a master-servant relationship even though nominally employed by

14

another.  *Kelley v. Southern Pac. Co.,* 419 U.S. 318, 324 (1974).  First, he could be a borrowed servant at the time of his injury.  Second, he could be deemed to be acting for two masters simultaneously.  Third, he could be a subservant of a company that was in turn a servant of the railroad.  *Id.*

Swindell claims the two railroads operated service between Miami and Washington, D.C., on a joint basis and that he traveled on and repaired locomotives for both railroads, and was supervised by engineers and conductors of whichever company owned the locomotives he was on at the time.  He attached to his response (and motion for summary judgment) a copy of a photograph which appears to show a crew of seven persons standing or leaning against an ACL locomotive in 1943.

CSXT denies that Plaintiff's allegations show sufficient connection to ACL to qualify as an "employee" under any of the three categories detailed in *Kelley.*

Neither side has presented sworn affidavits or documents further enlightening the historical facts.  In view of the lack of sworn presentation, the Court cannot find there is no genuine issue of fact on the question.  However, in view of the Court's finding on the statute of limitation issue, there is no need for the Court to rule on the employment issue.

**Conclusion**

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. FEC's Motion for Summary Judgment (Doc. # 31) is **GRANTED**.

2. CSXT's Motion for Summary Judgment (Doc. # 29) is **GRANTED**.

3. Plaintiff's Motions for Summary Judgment (Doc. #8, and #13) are **DENIED.**

4. The Clerk is **DIRECTED** to enter judgment for Defendants FEC and CSXT,

terminate all other pending motions as **MOOT** and close the case.

**DONE AND ORDERED,** at Jacksonville, Florida, this _28ᵗʰ_ day of September, 2005.

_Thomas E. Morris_
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
All counsel of record
*Pro Se* Plaintiff

16

**[DO NOT PUBLISH]**

FILED

## IN THE UNITED STATES COURT OF APPEALS

2002 MAR 20  A  9: 33

### FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JAN 02 2002

THOMAS K. KAHN
CLERK

No. 01-12263
Non-Argument Calendar

D.C. Docket No. 00-00224-CV-J-21

EDWARD LEROY SWINDELL,
and Others of Similar Circumstance,

Plaintiff-Appellant,

versus

FLORIDA EAST COAST RAILWAY CO.,

Defendant-Appellee.

Appeal from the United States District Court for the
Middle District of Florida

(January 2, 2002)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Edward LeRoy Swindell, a pro se litigant, appeals the district court's summary judgment in favor of Florida East Coast Railway Company ("Railway") in his action for monetary damages based on a Florida state court judgment and for physical and emotional damages under the Safety Appliance Act ("SAA"), 45 U.S.C. §§ 1-16; the Boiler Inspection Act ("BIA"), 45 U.S.C. §§ 22-34; and the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 et seq. On appeal, Swindell argues that (1) the three-year statute-of-limitations period under FELA does not apply to his claims under the SAA and the BIA, and (2) the district court erred by finding that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine[1] over his monetary damages claim based on a previous state court action.

We review a summary judgment ruling de novo, applying the same legal standards used by the district court. See Johnson v. Board of Regents of the Univ. of Ga., 263 F.3d 1234, 1242-43 (11th Cir. 2001). Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We review questions of subject matter jurisdiction de novo. See Singleton v. Apfel, 231 F.3d 853, 856 (11th Cir. 2000).

---

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S. Ct. 1303, 1314-15, 75 L. Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923).

Upon thorough review of the record, as well as careful consideration of the parties' briefs, we find no reversible error and affirm.

The relevant facts are straightforward. On February 29, 2000, Swindell filed this suit against Railway. In Count I, he alleged that he was employed by Railway from 1939 until 1952, during which time he was exposed to toxic carcinogenic substances, which included asbestos and diesel exhaust fumes and debris, in violation of the BIA, the SAA, and the FELA, and that as a result, he suffered permanent physical and mental injuries. Swindell asserted that he first became fully aware of these injuries in 1997 when he underwent psychiatric care, consultation, and treatment. In Count II, Swindell alleged that Railway maliciously obtained a costs judgment in a prior state court action, which was based on the same underlying facts as this action, after he voluntarily dismissed the suit.

Railway filed a motion for summary judgment and argued that Swindell did not assert his cause of action within three years as required under the FELA, 45 U.S.C. § 56. Railway also argued that under the doctrine of res judicata, Swindell's claim based on the Florida state court judgment was barred. Railway attached Eric L. Leach's affidavit to the summary judgment motion. Leach stated that in June 1996, Swindell filed a suit against Railway in a Florida state court and alleged violations of the BIA, the SAA, and the FELA for exposure to asbestos containing products and

3

diesel exhaust while he a Railway employee. According to Leach's affidavit, the Florida action was actively litigated for two years, when, on June 11, 1998, Swindell voluntarily dismissed the action and was taxed with costs. Also attached to the summary judgment motion was the complaint that was filed in Florida state court.

Swindell responded to the motion for summary judgment and argued that the SAA and the BIA did not contain statutes of limitations, and that a four-year limitations period applied rather than the three-year period enunciated under the FELA. Swindell also raised the following arguments: (1) that soon after he was diagnosed with asbestosis, on February 4, 1994 he commenced an action in state court, thereby tolling the statute of limitations period; (2) that it was not until April 16, 1997 that he was diagnosed with severe emotional distress, and that the limitations period for his emotional injuries did not begin running before the date of his diagnosis; (3) that his prior Florida state court action and an action in the Southern District of New York, which was dismissed on March 26, 1999 for improper forum based on venue considerations, see Swindell v. Florida East Coast Railway Co., 42 F. Supp. 2d 320 (S.D.N.Y.), aff'd, 201 F.3d 432 (2d Cir. 1999)(unpublished table decision), tolled the statute of limitations period; and (4) that the claim against Railway for damages incurred due to the state costs judgment was not barred by res judicata because he was not properly served.

4

Case 3:03-cv-00435-TEM   Document 45   Filed 09/28/05   Page 21 of 26 PageID 285

In granting summary judgment to Railway, the district court first made the following findings: (1) Swindell filed suit against Railway in Florida state court on June 7, 1996 and alleged permanent injuries to his lungs due to exposure to toxic substances; (2) Swindell filed a notice of voluntary dismissal on June 11, 1998, which provided in part that each party would bear their own costs; (3) Railway subsequently filed a motion to tax costs and obtained a judgment; (4) on September 11, 1998, Swindell filed suit in the Southern District of New York, claiming that he suffered physical and emotional injury as a result of his exposure to toxic substances in the course of his employment; (5) the district court in the New York action granted Railway's motion to dismiss for lack of jurisdiction by order dated March 26, 1999l; and (6) Swindell then filed the instant action on February 29, 2000.

The district court held that neither the SAA nor the BIA provided Swindell with an independent source of redress, and that violations of those acts are actionable only under the FELA. The FELA's three-year statute of limitations period accordingly applied to Swindell's action. The district court rejected Swindell's argument that the prior action in Florida state court tolled the limitations since Swindell voluntarily dismissed his Florida state action, and therefore equitable tolling did not apply during the pendency of the Florida state action.

5

The district court also noted that Swindell's state claim in Florida, which was filed on June 7, 1996, alleged both physical and emotional injuries related to his workplace exposure to asbestos and other toxic substances. The district court found that Swindell became aware of both the nature of his lung injuries and the connection to workplace exposure on February 4, 1994, and that although Swindell was not diagnosed and treated for emotional injuries until April 16, 1997, his symptoms first manifested themselves at least by June 7, 1996, when he filed his Florida state court claim. Thus, the district court concluded, the statute of limitations on Swindell's claims for emotional injuries began to run at the latest on June 7, 1996. While the limitations period was tolled during the pendency of the federal action in the Southern District of New York from the date it was filed (September 11, 1998) to the date it was dismissed (March 26, 1999), the district court found that the statute-of-limitations period was not tolled during Swindell's appeal from the district court's dismissal to the Second Circuit.

The district court concluded that the statutory period tolled approximately six and one-half months during the pendency of the New York action, and that Swindell's three-year limitations period therefore ended on or about January 7, 2000. The district court then ruled that Swindell's instant action, which was filed February 29, 2000, was time-barred. Finally, the district court found that it lacked jurisdiction

6

over Count II of Swindell's complaint, stating that the <u>Rooker-Feldman</u> doctrine did not allow it to review the state trial court proceedings.  The district court granted Railway's motion for summary judgment.  This appeal followed.

On appeal, Swindell first argues that the district court erred by holding that the FELA three-year statute of limitations applies to his claims under the SAA and the BIA.  Neither the BIA nor the SAA confer any right of action.  <u>See</u> <u>Urie v. Thompson</u>, 337 U.S. 163, 188, 69 S.Ct. 1018, 1034, 93 L.Ed. 1282 (1949).  Rather, they merely make violations of their provisions "unlawful."  <u>Id.</u>  These Acts <u>supplement</u> the FELA.  <u>See</u> <u>id.</u>  It is well-established that actions under the BIA and the SAA are subject to the three-year statutory limitations period provided by FELA.  <u>See</u> <u>id.</u> at 168; <u>Tiller v. Atlantic Coast Line R. Co</u>, 323 U.S. 574, 580-81, 65 S.Ct. 421, 424, 89 L.Ed. 465 (1945) (amendment alleging a violation of the BIA related back to the original petition and was therefore timely under the FELA's three-year statute-of-limitations period).  We are unpersuaded by Swindell's arguments to apply a four-year limitations period instead.  The district court did not err by holding that Swindell's action was time-barred.

Swindell also argues that he was not diagnosed with any emotional disorders until 1997, and that there was no evidence prior to that date that he was suffering from anything more than reasonable anxiety.  Thus, Swindell urges, the tolling period

7

began in 1997 and not 1996, as the district court found.    Railway highlights the district court's finding that Swindell was aware of his symptoms of emotional injury no later than 1996, as evidenced by the allegations in his action filed in Florida state court, and that he had an affirmative duty to investigate its cause after that date.  We agree.

Generally, a cause of action accrues and the statute of limitations begins when in the exercise of reasonable diligence the claimant knew or should have know of the injury.  See Hill v. Georgia Power Co., 786 F.2d 1071, 1074-1075 (11th Cir. 1986). Although it is essentially undisputed that Swindell was diagnosed with emotional problems in April 1997, he had previously filed a state action in Florida, in which he alleged that he suffered emotional injuries, which stemmed from his employment at Railway.  Based on this prior state action, the district court found that Swindell was aware that he suffered from emotional injuries in 1996, although he might not have been aware of the full extent of the injuries.  In light of Railway's motion for summary judgment and supporting documents, we can find no error in the district court's conclusion that, at the latest, Swindell knew, or should have know, that he suffered emotional injuries the day he filed his Florida state action, June 7, 1996.[2]

---

[2]  Swindell's alternative argument, that the FELA limitations period was tolled during the pendency of his Florida state court action, which he voluntarily dismissed, is equally unpersuasive. See  Dade County v. Rohr Indus., Inc., 826 F.2d 983, 989 (11th Cir. 1987) (for purposes of FELA

8

Swindell next challenges the district court's application of the <u>Rooker-Feldman</u> doctrine to his supplemental state claim. Swindell argues that he is not seeking review, reversal, or invalidation of the Florida state court's judgment, but is merely seeking redress for the institution of wrongful civil proceedings and abuse of process. Under the <u>Rooker-Feldman</u> doctrine, federal courts, other than the United States Supreme Court, have no authority to review final judgments of state courts. <u>See</u> <u>Siegel v. LePore</u>, 234 F.3d 1163, 1172 (11th Cir. 2000). The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. <u>Id.</u> A federal claim is inextricably intertwined with a state court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" <u>Id.</u> (quoting <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 25, 107 S. Ct. 1519, 1533, 95 L. Ed. 2d 1 (1987)). Notably, the <u>Rooker-Feldman</u> doctrine does <u>not</u> apply if the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." <u>Powell v. Powell</u>, 80 F.3d 464, 467 (11th Cir. 1996).

---

limitations period, the voluntary dismissal of a prior action has the effect of placing the parties in a position as if the earlier suit had never been filed, and the statutory limitations period is not tolled). The limitations period was also not tolled during Swindell's appeal from the district court's decision in the Southern District of New York. <u>Cf.</u> <u>Armstrong v. Martin Marietta Corp.</u>, 138 F.3d 1374, 1391 (11th Cir.) (en banc), <u>cert. denied</u>, 525 U.S. 1019 (1998) (the pendency of a class action tolls the applicable statute of limitations only until the district court makes a class certification decision, but not during a direct appeal of that decision).

In Count II, Swindell asserted that the Florida state court's costs judgment was obtained without notice and with the intent to intimidate him. Swindell requested the district court to find that Railway practiced abuse of process and malicious prosecution in obtaining and executing the costs judgment, and requested damages in the amount of the judgment and for injury to his credit rating. Simply put, Swindell's claim of abuse of process and malicious prosecution would succeed only upon proof that the Florida state court judgment was erroneously obtained. The district court lacked subject matter jurisdiction over Swindell's second cause of action pursuant to the Rooker-Feldman doctrine, and correctly dismissed Count II under that doctrine.

**AFFIRMED.**

A True Copy / Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

10